IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BRITT SILBERSTEIN and AMANDA
SILBERSTEIN                                                                                     PLAINTIFFS

V.                                            CASE NO. 5:16-CV-05331

FEDERAL NATIONAL MORTGAGE
ASSOCATION ("FANNIE MAE") and
PHH MORTGAGE CORPORATION                                               DEFENDANTS

## OPINION AND ORDER

Currently before the Court is Defendant PHH Mortgage Corporation's ("PHH") Motion for Partial Dismissal or, in the Alternative, for More Definite Statement (Doc. 14). The Motion asks the Court to dismiss Counts Two and Three of Plaintiffs Britt and Amanda Silbersteins' (collectively, "the Silbersteins") Amended Complaint (Doc. 6) pursuant to Federal Rule of Civil procedure 12(b)(6). In the alternative, the Motion asks the Court to order the Silbersteins to make a more definite statement as to Count Two, pursuant to Rule 12(e). The Silbersteins filed an abbreviated and non-substantive Response (Doc. 17) on December 21, 2016. Then, on January 16, 2017, the Silbersteins filed a Motion for Partial Dismissal (Doc. 22) as to certain of their own causes of action. For the reasons discussed below, PHH's Motion (Doc. 14) is **GRANTED**, and the Silbersteins' Motion (Doc. 22) is **MOOT**.

### I. BACKGROUND

The following facts are recited in the light most favorable to the Silbersteins, the non-moving party. On September 16, 2005, the Silbersteins executed a promissory note

and mortgage with PHH[1] to facilitate their purchase of real property located at 1623 Theodore Drive, Springdale, Arkansas. On August 26, 2013, the Silbersteins entered into a loan modification agreement with PHH. Pursuant to the loan modification agreement, the Silbersteins remitted payment to PHH for the months of September, October, and November of 2013. However, when the Silbersteins attempted to make payment for the month of December, PHH declined receipt of the payment, and denied the validity of the loan modification agreement. On April 8, 2014, May 15, 2014, and May 27, 2014, the Silbersteins sent letters to PHH requesting certain information about their account, and requesting a response from PHH. The Silbersteins allege that PHH failed to respond to any of these letters, other than one response stating that the May 15, 2014 letter was not a "qualified written request" as defined by 12 U.S.C. § 2605.

At some point after that time, PHH transferred or assigned the Silbersteins' mortgage and note to Defendant Federal National Mortgage Association ("Fannie Mae"). Then, on September 2, 2016, Fannie Mae—through trustee Wilson & Associates, PLLC—issued a Notice of Default and Intention to Sell (Doc. 6-1) listing a sale date of November 7, 2016. Before the foreclosure sale could proceed, on November 3, 2016, the Silbersteins filed a Petition for Temporary Restraining Order and Preliminary Injunction in the Circuit Court of Washington County, Arkansas. The Circuit Court granted the TRO and scheduled a hearing for November 17, 2016. On November 16, 2016, however, the Circuit Court dismissed Wilson & Associates, PLLC—an entity with its principal place of business in Arkansas—as a defendant in the case, creating complete diversity amongst the parties. PHH accordingly removed the case to this Court on November 17, 2016.

---

[1] PHH is more commonly known as Coldwell Banker.

The next day, the Silbersteins filed their First Amended Petition for Temporary Restraining Order and Preliminary Injunction and Complaint for Breach of Contract (Doc. 6). The Court granted the Silbersteins a TRO and deferred ruling on their request for a preliminary injunction until a hearing on the matter could be set. Before the scheduled hearing date, the parties entered an agreement whereby the Silbersteins would deposit with the Court the sum of $775.65 every month during the pendency of this action and Fannie Mae would be enjoined from foreclosing on their property until the final disposition of the case.

On December 16, 2016, PHH filed the instant Motion, arguing that Counts Two and Three of the Silbersteins' Amended Complaint fail to state a claim against them, and that alternatively, the Silbersteins should be ordered to produce a more definite statement as to Count Two. Count Two (¶¶ 16-18) of the Complaint claims that PHH violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, by failing to respond to the Silbersteins' letters. Count Three (¶ 19) alleges that PHH violated the Arkansas Fair Debt Collection Practices Act ("AFDCPA"), Ark. Code Ann. § 17-24-506. In Response (Doc. 17), the Silbersteins only state that they deny the material allegations of PHH's Motion, and offer no substantive legal argument on the merits thereof.

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all

of the Amended Complaint's factual allegations as true, and construe them in the light most favorable to the Silbersteins, drawing all reasonable inferences in their favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

However, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In other words, while "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

### III. DISCUSSION

The Court will begin by addressing PHH's argument respecting the AFDCPA. Specifically, PHH contends that the AFDCPA's statute of limitations has run, and alternatively, that it cannot be liable under the AFDCPA because it is not a "debt collector" as that statute defines the term. *See* Ark. Code Ann. § 17-24-502(5)(A). Pursuant to the AFDCPA, a person may bring a cause of action against "a debt collector who fails to comply" with the statute. Ark. Code Ann. § 17-24-512(a). Such an action must be brought "in a court of competent jurisdiction within one (1) year from the date on which the violation occurs." Ark. Code Ann. § 17-24-512(d).

The conduct causing PHH's alleged failure to comply with the AFDCPA, per the Silbersteins' Amended Complaint, occurred on December 11, 2013, and January 21, 2014. (Doc. 6, ¶ 19). Accordingly, the one-year statute of limitations had long expired by the time the Silbersteins filed their original complaint in state court on November 3, 2016, and their Amended Complaint in this Court on November 18, 2016.

Even had the statute of limitations not expired, moreover, the Court would find that the Silbersteins' AFDCPA claim fails as a matter of law because PHH is not a "debt collector" as defined by that statute. The AFDCPA defines that term as "a person who uses an instrumentality of interstate commerce or the mails in a business whose principal purpose is the collection of debts or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Ark. Code Ann. § 17-24-502(5)(A).[2] This definition is materially identical to the federal Fair Debt Collection Practices Act's definition of a debt collector. *See In re Humes*, 496 B.R. 557, 583 n.24 (Bankr. E.D. Ark. 2013); 15 U.S.C. § 1692a(6). And, "[m]any courts hold that mortgage lenders and servicers are not 'debt collectors' under the FDCPA in connection with collecting their own consumer debts as opposed to claims owned by others." *In re Larkin*, 553 B.R. 428, 440 (Bankr. D. Kan. 2016). This includes "FDCPA decisions relating to loan modification offers." *Id.* (discussing *Thomas v. JPMorgan Chase & Co.*, 811 F. Supp. 2d 781 (S.D.N.Y. 2011) and *Polidori v. Bank of Am., N.A.*, 977 F. Supp. 2d 754 (E.D. Mich. 2013)). These holdings are consistent with the plain language of the statute, which

---

[2] As to AFDCPA claims brought under the portion of the statute codified at Ark. Code Ann. § 17-24-507(b)(6), the definition of "debt collector" is expanded to include "a person . . . whose principal purpose is the enforcement of security interests." *See* Ark. Code Ann. § 17-24-502(5)(C). However, the Silbersteins' Amended Complaint alleges a violation of § 506 of the AFDCPA, (Doc. 6, ¶ 19), not § 507, so the Court expresses no opinion on whether PHH may be a "debt collector" as defined by § 502(5)(C).

requires a "debt collector" to have as its "principal purpose" the "collection of debts," or, that a "debt collector" regularly attempt to collect "debts owed . . . or due *another*." Ark. Code Ann. § 17-24-502(5)(A) (emphasis added). Mortgage lenders and services have as their principal purposes originating and servicing mortgage loans, respectively, not collecting debt. And, to the extent that they regularly attempt to collect debt, they are typically collecting debt owed to themselves, not owed to another.

For these reasons, though "the AFDCPA is a relatively new statute with virtually no case law interpreting its provisions," *In re Humes*, 496 B.R. at 583, the Court is confident that the Arkansas Supreme Court would interpret its definition of "debt collector" to exclude typical mortgage lenders and servicers. PHH's Motion to Dismiss Count Three of the Amended Complaint is therefore **GRANTED** because the AFDCPA's one-year statute of limitations has run, and alternatively because PHH is not a "debt collector" as defined by that statute.

Turning to PHH's position regarding the Silbersteins' RESPA claim, it contends the claim fails to state that PHH's alleged violations of the RESPA caused the Silbersteins actual damages, and must be dismissed for that reason. The Court agrees. The RESPA imposes a duty on federally related mortgage loan servicers to respond to certain borrower inquiries. 12 U.S.C. § 2605(e). When a servicer receives a "qualified written request" from a borrower, it must respond by acknowledging receipt within five days, and by taking certain further actions with thirty days. *Id.* at (e)(1)-(2). A failure to comply with these requirements makes the servicer liable for:

(A) any actual damages to the borrower as a result of the failure; and

6

>    (B) any additional damages, as the court may allow, in the case of a pattern
>        or practice of noncompliance with the requirements of this section, in an
>        amount not to exceed $2,000.

12 U.S.C. § 2605(f)(1). The Silbersteins allege that their letters of April 8, 2014, May 15, 2014, and May 27, 2014 constitute qualified written requests,[3] and that PHH failed to abide by § 2605 upon receiving them. This, their argument continues, caused them damages "in the form of attorney's fees, mental anguish, damage to their credit and reputation[,] as well as a potential decrease in property value and loss of intrinsic property value." (Doc. 6, ¶ 18).

Courts evaluating RESPA claims have consistently found that a complaint must include both an allegation of "actual damages" and a causal relationship between the RESPA violation and the damages. *See, e.g.*, *Hintz v. JPMorgan Chase Bank, N.A.*, 686 F.3d 505, 510–11 (8th Cir. 2012) (affirming district court's dismissal of RESPA claims after district court found that the complaint did not "show that a failure to respond or give notice [pursuant to RESPA] has caused them actual harm" (quoting the district court)); *Vesey v. Wells Fargo Bank, N.A.*, 2014 WL 11514499, at *12 (S.D. Iowa Nov. 6, 2014) ("Plaintiffs have failed to demonstrate that they sustained any actual damages as a result of Defendant's failure [to comply with RESPA]."); *Givant v. Vitek Real Estate Indus. Grp., Inc.*, 2012 WL 5838934, at *4 (E.D. Cal. Nov. 15, 2012) ("The allegations of a RESPA QWR claim also must show that the RESPA violation proximately caused Plaintiff's damages." (citation and alterations omitted)); *Soriano v. Countrywide Home Loans, Inc.*,

---

[3] Under the RESPA, a "qualified written request" is a "written correspondence . . . that (i) includes . . . the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 U.S.C. § 2605(e)(1)(B). The Court will assume for purposes of this Motion that the Silbersteins' three letters to PHH constitute qualified written requests.

2011 WL 1362077, at *7 (N.D. Cal. Apr. 11, 2011) ("Plaintiff has failed to introduce any evidence to show that some colorable relationship between his injury and the actions or omissions that allegedly violated RESPA exists." (quotation omitted)). For purposes of this Motion, the Court will assume that at least some of the damages listed by the Silbersteins constitute "actual damages" as meant by the RESPA, though that is far from verity.[4] The Court will also assume that PHH did indeed violate the RESPA, though that also lacks certainty. Even so, the Silbersteins' claim plainly fails to demonstrate a causal connection between PHH's alleged RESPA violation and their enumerated damages, and must be dismissed for that reason.

Paragraph 18 of the Amended Complaint, which contains the damages allegation, is no more than a "[t]hreadbare recital[] of the elements of a cause of action." *Ashcroft*, 556 U.S. at 678. It merely states that "as a result of" PHH's "failure to reply and respond in accordance" with the RESPA, the Silbersteins have sustained certain damages. This assertion is the epitome of a "legal conclusion" or "conclusory statement[]" that the Court need not accept as true for purposes of a motion to dismiss. *Id.* The Amended Complaint

---

[4] Indeed, this Court's research indicates that courts are divided on the question of whether the RESPA's "actual damages" requirement means only "pecuniary damages" or instead includes non-pecuniary harms such as emotional distress. *Compare Molina v. Wash. Mut. Bank*, 2010 WL 431439, at *7 (S.D. Cal. Jan. 29, 2010) ("Numerous courts have read Section 2605 as requiring a showing of pecuniary damages in order to state a claim."), *with Carter v. Countrywide Home Loans, Inc.*, 2009 WL 1010851, at *3 (E.D. Va. Apr. 14, 2009) ("The courts that have examined § 2605(f) have consistently found that 'actual damages' includes emotional distress damages."). Furthermore, the Supreme Court has stated that the phrase "actual damages" is "a legal term of art," with a meaning that is "far from clear." *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1449 (2012). Its precise meaning "changes with the specific statute in which it is found," and is "sometimes understood to include nonpecuniary harm." *Id.* (quotation omitted). In deciding the instant Motion, the Court need not weigh in on this split. As explained herein, regardless of the term's scope, the Silbersteins have failed to demonstrate a causal relationship between the alleged RESPA violations and their damages—"actual" or not.

does not contain a single factual allegation explaining how PHH's supposed violations of the RESPA *caused* the Silbersteins any damages whatsoever.

The Court further notes that the Silbersteins' Amended Complaint fails to state a claim for statutory damages under the RESPA. A court may award plaintiffs "any additional damages," not to exceed $2,000, "in the case of a pattern or practice of noncompliance with the requirements" of the RESPA. 12 U.S.C. § 2605(f)(1)(B). While the Amended Complaint does allege that PHH violated the RESPA on three occasions, its only damages allegation pertains to the actual damages allegedly incurred by the Silbersteins. To the extent the Silbersteins sought to include a claim for statutory damages under the RESPA, then, their Amended Complaint falls short of the notice pleading standard required by Federal Rule of Civil Procedure 8. *See Erickson*, 551 U.S. at 93 (stating that a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (quoting *Twombly*, 550 U.S. at 555)).

For these reasons, PHH's Motion to Dismiss as to the Silbersteins' RESPA claim is **GRANTED**. The Court therefore need not reach PHH's alternative request for a more definite statement, made pursuant to Rule 12(e).

## IV. CONCLUSION

As discussed above, PHH's Motion for Partial Dismissal (Doc.14) is **GRANTED**, and the Silbersteins' Motion (Doc. 22) is **MOOT**. The Silbersteins' Arkansas Fair Debt Collection Practices Act claim is **DISMISSED WITH PREJUDICE**, and their Real Estate Settlement Procedures Act claim is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED** on this 17th day of January, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE